IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Cause No. 4:18-cr-87 M |
| | § | Hon. Amos Mazzant, Judge |
| LAURA JORDAN | § | |
| (previously known by her prior | § | |
| married name 'Maczka'), and | § | |
| MARK JORDAN | § | |

<u>DEFENDANTS' MOTION TO STRIKE SURPLUSAGE</u>

The Defendants, through counsel, and pursuant to Rules 7(c)(1) and 7(d), F.R.Crim.P., and provisions of the U.S. Constitution which secure the right to a fair trial and provide for the effective assistance of counsel, move to strike from the indictment specific items of surplusage and submit the following in support of this motion:

1.      Rule 7(c)(1) of the Federal Rules of Criminal Procedure provides in pertinent part that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . ." (emphasis added). Rule 7(d) provides: "Upon the defendant's motion, the court may strike surplusage from the indictment or information."

2.      Count 1 of the superseding indictment describes the conspiracy as follows:

"**B.   The Conspiracy**

11.  From in or around May 2013, through on or about July 31, 2016, in the Eastern District of Texas and elsewhere, **Maczka** and **Jordan** conspired, combined, and agreed to devise a scheme and artifice to deprive the citizens of the City of Richardson, through fraud, of the honest services of **Maczka,** the mayor of the City of Richardson, and, for the purpose of executing the scheme and artifice, caused a wire communications to be transmitted in interstate commerce, a violation of 18 U.S.C. §§ 1343 and 1346.

**C.   The Purpose of the Conspiracy**

12.     The purpose of the conspiracy was for the defendants to use **Maczka's** official position as the mayor of the City of Richardson to benefit and enrich themselves through bribery."  [all emphasis original]

As these allegation makes clear, the conspiracy and the scheme to defraud concern **the honest services of Maczka *as mayor*.**[1]

3.     The following items are **surplusage** and should be stricken:

---

[1] Similarly, counts 3 and 4 [honest services wire fraud in violation of 18 U.S.C. 1343 and 1346] allege the defendants devised a scheme "to deprive the citizens of the City of Richardson, through fraud, of their right to the honest services of the mayor. . . .." Count 5, 6 and 7 [conspiracy (18 U.S.C. 371) to corruptly offer and reward Maczka, as an agent of the city, and to corruptly accept a thing of value in connection with the business of the city of a value of $5,000 or more, and substantive violations of 18 U.S.C. 666].

(a)  **ITEMS NO. 1 and 2**

"**D.  Manner and Means of the Conspiracy**

It was part of the manner and means of the conspiracy and the scheme that:

13.  At the time **Jordan** and his partners purchased the Palisades Property, the Palisades Property was zoned for local retail and office use and for 300 condominiums; it was not zoned for apartments. Over time, **Jordan** envisioned transforming the Palisades Property into a mixed-use development that included, among other things, single-family units ("houses") and apartments (collectively referred to as the "Palisades Project"). According to **Jordan's** representative, LG, the Palisades Project would not work without the apartments 'because of what apartments contribute' to the development. In Fall 2012 and Spring 2013, **Jordan** began holding collaborative planning sessions involving local Richardson stakeholders (e.g., homeowners' associations, City officials, and others), at which **Jordan** and LG presented **Jordan's** plans for the Palisades Project.

14.  Before being elected mayor of the City of Richardson, **Maczka** served on the Richardson City Council. On November 27, 2012, **Maczka** announced that she intended to run for mayor of the City in 2013. During the mayoral campaign in Spring 2013, **Maczka** publicly stated that there

should be no more apartments built in Richardson near Richardson neighborhoods. **Maczka,** her then-husband MM, and her children in fact lived in the Canyon Creek neighborhood immediately next to the Palisades Property. In one of her campaign advertisements, **Maczka** stated that '[w]hen it comes to apartments, you know that Laura has always said we do not need more apartments near our neighborhoods. Period.' **Maczka** was elected mayor of the City of Richardson by a majority vote on May 11, 2013, and began her term on May 20, 2013."  [all emphasis original]

(b)   <u>**Why items 1 and 2 are surplusage**</u>

Paragraphs 13 and 14 are incorporated by reference in each of the other counts of the indictment. Except for the last sentence of Paragraph 14 [regarding the date of Maczka's election as mayor and the date her term as mayor began, neither of which is surplusage], these paragraphs describe occurrences prior to Maczka's election as mayor. These are simply assertions of what the government believes the evidence will show – that is, a preview of the prosecution's evidence and interpretation of various events and circumstances. These paragraphs do not describe the purported conspiracy, or any scheme to defraud, as they pre-exist Maczka becoming the mayor. No conspiracy is alleged to begin until Maczka becomes mayor – as the charging instrument states. Therefore, these paragraphs

do not and cannot describe a manner and means of the conspiracy. Furthermore, these Paragraphs are included in counts 3 and 4, which allege "a scheme and artifice to deprive the citizens of the City of Richardson, through fraud, of their right to the honest services of the mayor . . .. " Again, Paragraphs 13 and 14 cannot describe this purported scheme because they pre-exist Maczka becoming mayor.

    (c)    <u>**ITEM NO. 3**</u>

**"E.  Representative Acts of the Conspiracy and the Scheme and Artifice**

    20. [incorporated by reference in all counts of superseding indictment]

On or about the following dates in furtherance of the conspiracy, in the Eastern District of Texas and elsewhere, the defendants caused the following acts to be committed:

    "a. During her campaign for election to the office of mayor of the City of Richardson, **Maczka's** public position was that she was opposed to zoning that permitted construction of apartments next to neighborhoods. Specifically, **Maczka** authored and caused to be distributed the following statements in campaign advertisements:

    **When it comes to apartments**, you know that Laura has always said we do not need more apartments near our neighborhoods. <u>Period.</u>

    For the record, Laura has never supported building apartments in or adjacent to our neighborhoods. . . .Laura is one of our most pro-neighborhood council members. . . .She stands with – and for – our neighborhoods."

(all emphasis original)

(d)    **Why Item 3 is Surplusage**

The conduct set forth in Paragraph 20 a. could not be part of a conspiracy that did not yet exist. The purported conspiracy – by its express terms – does not begin until Maczka becomes the mayor. Again, this is merely an assertion of evidence the prosecution wishes to offer in support of its accusation and is therefore surplusage.

(e)    **ITEM NO. 4 and Why it Constitutes Surplusage**

Paragraph 5 of the indictment describes the Defendant Mark Jordan and his business entities, and the purchase of the Palisades Property.   A brief description of Mr. Jordan's purported vocation, and associated business entities, is not surplusage. However, this paragraph (sentence 5) gratuitously goes beyond and outside that description of the Defendant and inserts the following: **"The Palisades Property was adjacent to the Canyon Creek and Prairie Creek neighborhood."** This is not a description of the Defendant Mark Jordan or even his business entities, nor is it an element of the alleged offense. This is a purely evidentiary assertion of what the prosecution hopes to prove and, *ergo,* also is surplusage which should be stricken.

(f) **ITEM No. 5 and Why It Constitutes Surplusage**

Paragraph 20. qq. concerns a December 2014 trip taken by Mark Jordan and Laura Jordan [as 'Maczka'] and includes in part [the second sentence] the following statement:

> Southwest Airlines Flight 4099 records indicate that **Maczka** 'became upset with an operations agent' after the agent told **Maczka**, who was still legally married to MM at the time, she had too many bags and that 'she would have to wait until her husband [**Jordan**] returns to carry his own [bags].' "

This is a purely evidentiary matter, if that, and clearly is surplusage which should be stricken. It is gratuitous and inflammatory ("upset with an operations agent"; "still legally married to MM at the time") and improperly relieves the government of its burden with respect to admissibility of evidence in support of its narrative.

4.      Applicable Legal Principles.

An 'evidentiary' indictment does not merely offend the rules of pleading. It also compromises a defendant's legitimate interests in several respects.

- It unfairly undermines the adversarial balance which our system is designed to protect. A narrative of the prosecution's evidence (that is, its version or interpretation of events and circumstances) enshrined in the indictment affords to the prosecution substantial adversarial advantages, which undermine a defendant's right to a fair trial and the effective assistance of counsel under the Fifth and Sixth Amendments to our Constitution. As the

Supreme Court has repeatedly stated, ours is an adversarial system and adversarial balance is critical to that constitutional system. *E.g., Anders v. California,* 386 U.S. 738, 743 (1967); *Wardius v. Oregon,* 412 U.S. 470 (1973); *Herrin v. New York,* 422 U.S. 853, 862 (1975); *United States v. Morrison,* 449 U.S. 361, 364 (1981); *United States v. Cronic,* 466 U.S. 648, 655-656 (1984); *Strickland v. Washington,* 466 U.S. 668, 685 (1984). When the indictment goes beyond a statement of the alleged offense and includes its version of the evidence, the prosecution receives two 'opening statements' – the first, through the reading of the indictment to the jury. Moreover, in those instances where a court permits the indictment to accompany the jurors during deliberations, the jurors are guided during the most critical stage of the proceeding by a surplusage-laden document which sets forth only the prosecution's version of events – a 'roadmap' of the prosecution's case. This adversarial imbalance impinges upon a defendant's right to a fair trial as well as his right to the effective assistance of counsel.

- An evidentiary indictment also offends the Separation of Powers and the Judicial Power of the United States secured by Article III, §1 of the Constitution, as well as the rules of evidence. This is so because inclusion of surplusage in an indictment interdicts the necessity to submit admissibility questions to the Court. An evidentiary indictment assures that matters

committed to the presiding judge (*e.g.,* admissibility of evidence, including whether grounds for exclusion exist due to confusion, waste of time, unfair prejudice) are instead entrusted to the Executive Branch. Inclusion of surplusage in the indictment forecloses judicial scrutiny in derogation of the rules of evidence and the adversarial process. It enables the prosecution to skip a few steps.

5.    For these reasons, the surplusage designated herein should be stricken.

Respectfully submitted,

*/s/Jeff Kearney*                         *Shirley Baccus-Lobel*
Jeff Kearney                              Law Office of Shirley Baccus-Lobel, PC
Kearney Law Firm                          8350 Meadow Road, Suite 186
One Museum Place                          Dallas, Texas 75231
3100 West 7th Street, Suite 420      214.220.8460
Fort Worth, Texas 76107                   sbl@lobellaw.com
817.336.5600; 817.336.5610 (f)
jkearney@kearneylawfirm.com

Counsel for Defendant Laura Jordan (previously known by her prior married name 'Maczka')

*/s/ Dan L. Cogdell*                       Terri Moore
Dan L. Cogdell                             Terri Moore Law
Jones Walker LLP                           300 Burnett Street
811 Main Street, Suite 2900               Suite 160
Houston, Texas 77002                      Fort Worth, Texas 76102
713.437.1869                              817.698.0000
713.437.1810 (f)                          moore@terrimoorelaw.com
dcogdell@joneswalker.com

Counsel for Defendant Mark Jordan

## CERTIFICATE OF CONFERENCE

I advised the government that this joint defense motion to strike surplusage would be filed and confirmed the government's opposition with counsel, Mr. Glenn Roque-Jackson.

*/s/Shirley Baccus-Lobel*
Shirley Baccus-Lobel


## CERTIFICATE OF SERVICE

On June 4, 2021, this motion was filed and distributed to all counsel of record through the Court's ECF system.

*/s/Shirley Baccus-Lobel*
Shirley Baccus-Lobel