IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:18CR87 |
| | § | Judge Mazzant |
| LAURA JORDAN (1) | § | |
|     a/k/a Laura Maczka | § | |
| MARK JORDAN (2) | § | |

## <u>UNITED STATES' MOTION IN LIMINE</u>

The United States of America, by and through the United States Attorney for the Eastern District of Texas, requests that this Court, before the beginning of evidence in the above-entitled cause, direct the parties not to mention, refer to, interrogate concerning, or bring to the attention of the jury in any manner, including during jury selection, directly or indirectly, any of the below listed matters without first approaching the bench and obtaining a ruling on their admissibility. The specific matters are as follows:

**1)**      <u>**Improper impeachment of a witness with a statement that witness has neither written nor adopted as his or her own.**</u>

The *Jencks* Act at 18 U.S.C. § 3500 requires the government to furnish the defense with any statement made by a government witness which has been adopted or approved by the witness and which relates to his testimony at trial. The Congressional policy behind the *Jencks* Act was to protect witnesses from being impeached with words that are not their own, or are an incomplete version of their testimony. *Palermo v. United States*, 360 U.S. 343 (1957).

Statements made by a witness and summarized by a third person can be *Jencks* material but only if the witness has signed or otherwise adopted or approved them. *United States v. Newman*, 849 F.2d 156 (5th Cir. 1988) citing *Campbell v. United States*, 365 U.S. 85 (1961). Adoption or approval requires either that the agent read the entire statement to the witness or that the witness read the statement. Then the witness must manifest his or her assent by either signing or otherwise approving the statement. *Newman* at 160.

In this case, the agents interviewed the witnesses, took notes, and drafted summaries of the interviews.   However, unless it is specifically noted in an FBI 302, the witnesses have not adopted or approved of the statements. Consequently, the agents' notes and/or reports are not the statements of the witnesses and cannot be used to impeach the witness. For example, at the first trial defense counsel attempted to impeach government witnesses based on alleged inconsistencies between their testimony at trial and FBI reports that described previous interviews with the witness.   *See, e.g.*, Cross Examination of Michell Altom.   This is inappropriate and should not be allowed.   Witnesses cannot be impeached via a previous statement that is their own.   An FBI 302 report of an interview with a witness is neither prepared by the witness nor adopted by the witness.   Therefore, it is not appropriate grounds on which to impeach a witness at trial.   Defense counsel should be barred in advance from attempting such improper tactics.

**2)**     <u>**Eliciting speculative testimony**</u>

Rule 602 states that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."   The government anticipates that this may come into issue with, among other witnesses, Karen Jordan and Jackie Pennington.

Karen Jordan told the government during a pretrial interview that she met with the defense counsel twice concerning her trial testimony.   According to Karen Jordan, defense counsel asked Karen Jordan during both interviews whether it was possible Mark Jordan lied to her.   However, such a question about Mark Jordan's state of mind, motive, and intent would be improper to ask during trial because it calls for speculation.   Under Rule 602, to ask Karen Jordan about Mark Jordan's state of mind would be asking her to speculate because she has no personal knowledge as to Mark Jordan's state of mind at the time he made the statements.   Karen Jordan cannot testify to what Mark Jordan was thinking. Similarly, questions to Jackie Pennington about whether Mark Jordan intended to bribe the mayor also call for speculation.   Not only is this prohibited under Rule 602, but it violates a fundamental rule that no witness — even experts — may offer an opinion as to whether the "defendant did or did not have a mental state or condition that constitutes an element of the crime."   Fed. R. Evid. 704 ("Those matters are for the trier of fact alone.").

Mark Jordan may choose to testify to explain his state of mind and subject himself to cross-examination.   Karen Jordan and Jackie Pennington, however, are improper

witnesses to introduce his state of mind.    Eliciting such testimony from them would also violate Rule 403.    For instance, Karen Jordan would testify on re-direct examination that she does not know if he lied or not.    She only knows what he told her, that he sent the painters to her house "because we owe her a lot.    She's done a lot for us and she's – and he either said she's going to make us a lot of money or she has made us a lot of money."  The purpose of Rule 602 and 403 is to keep this baseless back-and-forth away from the jury.    Otherwise, both parties could engage in similar questions to virtually every witness about the defendants' state of mind during the charged timeframe.

### 3)    Eliciting prohibited hearsay testimony

Additionally, counsel is barred by the rule against hearsay from eliciting testimony about what was told to a witness by someone else unless an exception to the hearsay rule applies.    *See* Rule 801.    For example, defense counsel is generally barred from eliciting from Karen Jordan about what Mark Jordan said to her.    This would be an out of court statement by someone other than the witness offered to prove the truth of the matter asserted.    Rule 801(c).

However, under the party opponent exception to the hearsay rule (Rule 801(d)(2)(A)) the government is permitted to elicit this *same* testimony from Karen Jordan, because in this context it is being offered "against an opposing party."    *Id*.

**4)**     **Irrelevant evidence regarding ultimate vote tallies**

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."   Fed. R. Evid. 401.   In determining relevance, one requirement is that "the proposition to be proved must be one that is of consequence to the determination of the action."   *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981). And, "whether a proposition is of consequence to the determination of the actions is a question governed by the substantive law."   *Id.*

On December 9, 2013, January 27, 2014 and June 9, 2014, Mayor Maczka, during Richardson City Council meetings, voted in favor of zoning changes that allowed, among other things, the construction of apartments on Jordan's Palisades Property.   For each of the votes taken by the Richardson City Council on Jordan's requested zoning changes, five council members (including Mayor Maczka) voted for the requested rezoning measures, and two council members voted against. On September 22, 2014, the Richardson City Council voted seven to zero (with Mayor Maczka voting in favor) to authorize the Richardson City Manager to negotiate and execute a Development and Economic Development Agreement ("DEDA") and for the City of Richardson to reimburse Jordan and his partners up to $47,000.000.00 for construction and infrastructure expenses associated with the Palisades Property.   On April 29 and May 7, 2015, Jordan and the Richardson City Manager, respectively, executed the DEDA.

The Court should preclude the defense from offering or eliciting testimony of the final vote tallies for the votes on Jordan's requested zoning changes or on the DEDA because such testimony is not probative of a relevant defense under the substantive law. *See, e.g., United States v Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981) (a "proposition must be probative of a matter at issue in the litigation, such as a relevant defense raised to defeat criminal liability").   It is settled that bribery occurs "when a bribe is given or an offer to bribe is made, regardless of whether afterward the person discovers that for some reason or another, be it a mistake on his part or a mistake on the part of another . . . that there was no occasion for him to have done it."   *Vinyard v. United States*, 335 F.3d 176, 182 (8th Cir. 1964); *City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 378 (1991) ("A mayor is guilty of accepting a bribe even if he would and should have taken, in the public interest, the same action for which the bribe was paid"); *United States v. Nagin*, 810 F.3d 348, 351 (5th Cir. 2016) (approving jury instruction on honest-services-wire-fraud charge that "It is not a defense to claim that a public official would have lawfully performed the official action in question even without having accepted a thing of value"); *United States v. Grace*, 568 F. App'x 344, 349-50 (5th Cir. 2014) ("It is enough that Grace took the money with the knowledge that it was intended to influence him, even if he would have written the Letters without the payment");.

Because the issue for the jury is simply whether Jordan corruptly made or offered, and whether Maczka corruptly accepted or agreed to accept, things of value for official

action taken by Maczka — and not whether Jordan *needed* to provide or offer to provide things of value — testimony concerning the ultimate vote counts on the measures in question is irrelevant and should not be allowed.  Fed. R. Evid. 401, 402. Moreover, allowing the defense to offer testimony of the ultimate vote counts, or to argue that the ultimate vote counts somehow negates the defendants' guilt, would confuse and mislead the jury into believing that the ultimate results matter. Any probative value of such testimony would be "substantially outweighed" by the "danger of confusion." Fed. R. Evid. 403; *United States v. Simkanin*, 420 F.3d 397, 412 (5th Cir. 2005) (exclusion of documents on which tax defendant allegedly relied for his beliefs about tax laws was not abuse of discretion since probative value was outweighed by its tendency to confuse the jury as to correct state of the law); *United States v. LeFebour*, 798 F.2d 977, 980 (5th Cir. 1986) (trial judge did not err in refusing admission of evidence showing that judge charged with bribery sometimes dismissed cases for reasons other than bribes because whatever probative value would be clearly outweighed by its potential to confuse the jury).

**5)** **Improper argument and evidence regarding the defendants' motives**

It is a well-established principle that a defendant charged with a specific intent crime, like bribery, "may properly be convicted if his [or her] intent to commit the crime was *any* of his [or her] objectives."  *United States v. Technodyne LLC*, 753 F.3d 368, 385 (2d Cir. 2014) (emphasis added).   Stated differently, if a defendant has two motives, one of them lawful and one of them unlawful, the lawful one does not negate or excuse the

unlawful one.   Applied here, if either of the defendants had two motives (one lawful and one unlawful), evidence and argument presented by the defense relating to the purported public or community benefit of the Palisades development would not negate or excuse corrupt payments, transactions, or sexual services given and received for the official action. *City of Columbia v. Omni Outdoor Advert., Inc.*, 499 U.S. 365, 378 (1991) (holding that "[a] mayor is guilty of accepting a bribe even if he would and should have taken, in the public interest, the same action for which the bribe was paid"); *United States v. Grace*, 568 F. App'x 344, 349-350 (5th Cir. 2014) (unpublished) (affirming instruction broadly stating that it "is not a defense to honest services fraud to claim that a public official would have lawfully performed the official action in question even without having accepted a thing of value" (brackets omitted)); *United States v. Jannotti*, 673 F.2d 578, 601 (3d Cir. 1982) (en banc) (holding that "it is neither material nor a defense to bribery that had there been no bribe, the (public official) might, on the available data, lawfully and properly have made the very recommendation that (the briber) wanted him to make." (internal citations omitted)).

This principle likewise has application in the context of the romantic relationship between the defendants.   It is not a legal defense that an action was motivated, in part, by friendship or romantic interest.   Actions taken with a dual motive constitute bribery so long as one of the motives is to influence a public official, or, in the case of the public official, to be influenced.   *United States v. Woodward*, 149 F.3d 46, 71 (1st Cir. 1998)

("A defendant may be prosecuted for deprivation of honest services if he [or she] has a *dual intent*, i.e., if he [or she] is found to have intended both a lawful and an unlawful purpose to some degree.  If the jury finds that an unlawful purpose was present, it may convict the defendant." (brackets added)); *United States v. Coyne*, 4 F.3d 100, 113 (2d Cir. 1993) (affirming conviction and upholding dual-purpose instruction where defendant claimed he was "motivated by friendship"); *United States v. Reeves*, 892 F.2d 1223, 1226 (5th Cir. 1990).

Because the government does not have to prove that the unlawful motive was the sole reason for the conduct, and because the law punishes conduct even if the illegal purpose is incidental to other legal purposes, *Woodward*, 149 F.3d at 71, the defendants should not be allowed to present argument or evidence suggesting otherwise. Specifically, Laura Jordan may not argue, implicitly or otherwise, that the lawful reasons for the votes *outweigh* the things of value Mark Jordan corruptly provided to her. Similarly, Mark Jordan may not argue, implicitly or otherwise, that his romantic interest in the then-Mayor *outweigh* the things of value he corruptly provided and she accepted.   These improper arguments, and any suggestion thereof, should be excluded.

**6)**      <u>**References to the prior trial**</u>

All references to the prior trial, including the post-trial briefing, argument, and rulings, should be prohibited.   As needed and allowed by the Federal Rules and the Court, counsel may use prior testimony from the witnesses.   But even in this situation, counsel

should simply reference an earlier "proceeding."   Even if the outcomes and rulings from the previous trial were relevant under Rule 401, they would be "confusing" and "misleading" to the jury in this trial.

**7)**      <u>**Any statement or argument calling overtly or tacitly for jury nullification**</u>

Jury nullification is not a legally sanctioned function of the jury, and counsel is not permitted to present the concept of jury nullification to the jury, let alone encourage it. *See*, e.g. *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) (holding that "defendant has no right to invite the jury to act lawlessly").   This prohibition includes any statement encouraging the jury not to follow the law and/or the Court's instructions. This includes, but is not limited to, the following topics:

a.      Any discussion of nullification or invitation to contravene the law or this Court's instructions related to conspiracy, honest services fraud, bribery, or kickbacks.

b.      Any testimony regarding the effect of these proceedings upon defendants' families or any appeal for pity for the defendants or their families.

c.      Any argument that other people were not, or are not currently, charged with a crime.

d.      Any mention or argument concerning defendants in other matters who have been acquitted of similar charges.

**8)**   **Counsel's personal beliefs**

Counsel for all parties should be barred from mentioning their *personal* belief or opinion regarding anything related to this case and/or trial, including, but not limited to, any of the following:   the innocence or guilt of the defendants; the credibility of the defendants; the romantic relationship or "love" between the defendants, past or present; the credibility of any witnesses presented during the trial; the evidence the parties present; the United States' prosecutorial determinations; and outcomes in other matters.

**9)**   **Calls for sympathy**

Any action or statement to elicit pity or sympathy for defendants through their families, children, or friends, or any statement regarding the effects on the defendants' families, children, or friends caused by this prosecution or possible convictions is improper and should be prohibited.

**10)**   **Defendants' children**

Testimony and/or evidence about the Maczka's or Jordan's children is irrelevant and should be prohibited, unless the proponent can articulate beforehand a relevant and admissible basis to introduce such evidence.

**11)**   **Imprisonment conditions**

Conditions in federal prisons or prison camps are irrelevant and their mention should be prohibited.

**12)**     <u>**Sentence or punishment**</u>

Any reference to punishment or sentence the defendants may face should be prohibited.   "Punishment is a matter exclusively within the province of the court and is not to be considered by the jury in arriving at an impartial verdict."   *Rogers v. U.S.*, 422 U.S. 35, 40 n. 2 (1975) (citation omitted).

**13)**     <u>**Convictions or pending charges**</u>

To the extent relevant, the United States will make every attempt to bring out on direct examination a witness' criminal convictions or pending charges that could properly be used for impeachment.   If the defense believes that there are additional convictions or pending charges that may be used for impeachment, the United States hereby requests that those additional convictions or pending charges be covered by this Motion *in Limine* and be brought to the attention of the Court and parties beforehand.

**14)**     <u>**Government witness shoplifting conviction**</u>

A government witness, whose identity is known to the defense, was convicted of shoplifting in 2012.   The conviction was later expunged.   For Rule 609(a)(2) purposes, a conviction for shoplifting/larceny is not a crime of dishonesty in the Fifth Circuit.   *See United States v. Ashley*, 569 F.2d 975, 979 (5th Cir. 1978) (explaining that "a conviction for shoplifting is not a conviction involving dishonesty or false statement within the meaning of <u>Fed. R. Evid. 609(a)(2)</u>," and holding that "the evidence of [the] shoplifting conviction to impeach is . . . inadmissible under <u>Rule 609(a)(2)</u> ).   As such, it is improper

to impeach this witness's testimony with questions related to the 2012 shoplifting conviction.   Additionally, this witness's conviction is also inadmissible under Federal Rule of Evidence 403, because the use of that conviction would unfairly prejudice the witness's testimony in light of the expungement.

**15)   <u>Conduct of a witness outside Rule 609</u>**

Any specific instances of conduct of a witness for the purpose of attacking or supporting his/her credibility should be prohibited, other than a conviction of a crime as permitted in Federal Rules of Evidence, Rule 609.

**16)   <u>Extraneous evidence of criminal history if already admitted</u>**

Any extraneous proof of a witness' criminal history should be prohibited if said witness has admitted under examination to said conviction or pending charge. This includes any facts underlying or supporting a witness' criminal conviction or pending criminal case.

**17)   <u>Witnesses' other prior bad acts</u>**

Evidence should be barred regarding any prior bad acts any witness may have committed not resulting in a conviction or pending charges.

**18)   <u>Previous rulings from this Court</u>**

Evidence should be prohibited regarding any previous rulings by the Court, including, but not limited to, rulings from the defendants' first trial and bond rulings by the United States Magistrate Judge.

19) **Reputation or character testimony without specific prior qualification and approval**

     Reputation or character testimony should be forbidden concerning any of the United States' witnesses without first allowing the Assistant United States Attorney, outside the presence of the jury, to question such reputation witness to ascertain if he/she possesses qualifications to so testify.   This includes, but is not limited to, asking one witness to comment on the credibility of another witness.

20) **Unrelated government misconduct**

     Government misconduct not related to this case, alleged or otherwise, is inappropriate for this trial.   This includes any reference to President Trump, former FBI Director James Comey, Deputy Director Andrew McCabe, SSA Peter Strzok, Lisa Page, the Christopher Steele Dossier, Hillary Clinton, Special Counsel Robert Mueller, and any other issues not directly related to this case.   Such irrelevant comments are inappropriate under Rules 401, 402, and 403.

21) **Prior good behavior of defendants**

     Specific prior "good" acts of a defendant are irrelevant. "Good" acts are not relevant to prove or disprove that the defendant committed the offenses charged in this case.  For example, at the first trial defense counsel argued to the jury during *voir dire* that Defendant Mark Jordan is "a great father" even if he was a bad husband.   *See* D. Cogdell Voire Dire Opening Argument.   Defendants are not on trial for their parenting or being bad people.

Statements about the defendants' good qualities or good acts are irrelevant and prejudicial. They should be forbidden.

**22)**   <u>**Unapproved reputation or character testimony of defendants**</u>

Reputation and/or character testimony or evidence concerning a defendant should be barred without first allowing the Assistant United States Attorney, outside the presence of the jury, to question reputation or character witnesses to ascertain if he/she possesses the legal qualifications to so testify.

Additionally, reputation/character evidence is limited in the following ways: (1) the character trait at issue must be pertinent to the crimes charged in the indictment; (2) the defendant may not prove his character through specific acts of good conduct, only through reputation and/or opinion testimony; and (3) the trial court may limit the number of character witnesses a defendant may call.

### a.   *Character trait must be relevant*

Before offering character evidence, a defendant must show that the evidence is relevant to the crimes charged in the indictment.   Under Federal Rule of Evidence 404(a)(1), a defendant may elect to offer evidence of "a pertinent trait of character."   The trait of character that the defendant is seeking to prove must be "pertinent" to the crimes charged in the indictment.   In Rule 404(a)(1), "pertinent" is "read as synonymous with 'relevant'." *United States v. Angelini*, 678 F.2d 380, 381(1st Cir. 1982).

Courts have recognized that defendants may not introduce "good" character traits

that are not relevant to the crimes charged.   The First Circuit has held that the traits of bravery, attention to duties as a police officer, and community spirit are not relevant in the prosecution of a police officer for mail fraud and perjury. *United States v. Nazzaro*, 889 F.2d, 1158, 1168 (1st Cir. 1989).   The First Circuit has also recognized that the trait of being a good family man is not relevant in a prosecution for criminal violations of the immigration laws. *United States v. Santana-Camacho*, 931 F.2d 966, 968 (1st Cir. 1991). The Second Circuit has held that evidence that the defendant's son suffered from cerebral palsy and that the defendant would never do anything to risk disabling himself from caring for the boy properly was not relevant in a RICO prosecution. *United States v. Paccione*, 949 F.2d 1183, 1201 (2nd Cir. 1991).   The District of Columbia Circuit has held in a drug prosecution of corrupt police officers that a defendant's "dedication, aggressiveness, and assertiveness" in investigating drug dealing and car-jacking was not "pertinent" under Fed. R. Evid. 404(a)(1). *United States v. Washington*, 106 F.3d 983, 999 (D.C. Cir. 1997).

However, if the defendant testifies, his character for truthfulness would be pertinent regardless of the crime charged. *United States v. Darland*, 626 F.2d 1235, 1237 (5th Cir. 1980).   But even where the defendant does not testify, the defendant's character for truthfulness would be pertinent in a prosecution for a crime involving deceit or falsification.   *Id*. at 1237.

Finally, it should also be noted that Courts have held evidence of the general character trait of "law abiding" is pertinent no matter what crime is charged in the

indictment.  *Angelini*, 678 F.2d at 381-82; *United States v. Hewitt*, 634 F.2d 277, 279-80 (5th Cir. 1981).

Even if the character evidence is determined to be relevant to the crimes charged in the indictment, the character evidence must still be presented in the form of opinion and/ or reputation testimony.

> ### b.  *Relevant character evidence must be in the form of opinion and/or reputation testimony.*

Once the defendant has established that the character trait he seeks to prove is relevant, the defendant may then prove the character trait only through reputation and/ or opinion evidence.   Fed. R. Evid. 405.   A defendant may introduce specific instances of conduct only in cases where character or trait of character "is an ***essential*** element of a charge, claim or defense." Fed. R. Evid. 405(b) (emphasis added).   Here, traits such as Mark Jordan's generosity and compassion as an employer or Laura Jordan's love for her children are not tangentially related to the elements of the conspiracy, corruption, or tax charges the defendants face, let alone essential.

As the Advisory Committee Notes explain (Fed. R. Evid. 405 Advisory Committee Notes (1972)): "the rule confines the use of evidence of [specific instances of conduct] to cases in which character is, in the strict sense, in issue and hence deserving of a searching inquiry.   When character is used circumstantially and hence occupies a lesser status in the case, proof may be only by reputation and opinion."   Here, specific good deeds, such as Mark Jordan's gifts to charitable or religious groups, or advancing the salary of a sick

employee, cannot be introduced.   Such acts are wholly irrelevant to the charged crimes and cannot be used by   a defendant to disprove knowledge or intent elements of crimes. *United States v. Marrero*, 904 F.2d 251 (5th Cir. 1990); *United States v. Doyle*, 130 F.3d 523, 542 (2nd Cir. 1997); *United States v. Camejo*, 929 F.2d 610, 612 (11th Cir. 1991) ("Evidence of good conduct is not admissible to negate criminal intent....[The witnesses'] proffered testimony was merely an attempt to portray [the defendant] as a good character through the use of prior 'good acts.'   The trial judge properly exercised his discretion in excluding this testimony as inadmissible character evidence."); see *United States v. Hill*, 40 F. 3d 164, 169 (7th Cir. 1994) (concluding that the defendant's failure to steal "test letters" was not probative of a character trait for law-abidingness in a case involving theft of mail by a postal employee).

### c.  *Limitation of the number of character witnesses.*

If the defendant shows that the character trait he seeks to prove is relevant and is using the proper means to prove the trait (opinion and/or reputation testimony), the final consideration is the number of character witnesses the trial court will allow.   The trial court has discretion to limit the number of character witnesses.  *Michelson v. United States*, 335 U.S. 469, 480 (1948).   Appellate courts have found no error when a trial court has limited the number of a defendant's character witnesses.   *United States v. Scholl*, 166 F.3d at 972 (three witnesses); *United States v. Johnson,* 730 F.2d 683, 688 (11th Cir. 1984) (three witnesses); *United States v. Koessel*, 706 F.2d 271, 275 (8th Cir. 1983) (three

witnesses); *United States v. Henry,* 560 F.2d 963, 965 (9th Cir. 1977) (two witnesses).

## **CONCLUSION**

The United States requests that the Court grant this Motion in Limine and direct counsel for the defendants, and witnesses for the defendants be directed not to allude to or mention any of the above subjects until a ruling can be obtained from the Court outside the presence of the jury.

Respectfully submitted,

NICHOLAS J. GANJEI
ACTING UNITED STATES ATTORNEY

  /s/ *G.R. Jackson*
G.R. JACKSON
Assistant United States Attorney
Texas State Bar No. 00784874
Email:   glenn.roque-jackson@usdoj.gov

BRENT L. ANDRUS
Assistant United States Attorney
New York State Bar No. 5143474

HEATHER RATTAN
Assistant United States Attorney
Texas State Bar No. 16581050

SEAN J. TAYLOR
Assistant United States Attorney
Texas State Bar No. 24075147

ANAND VARADARAJAN
Assistant United States Attorney
Texas State Bar No. 24088576

101 East Park Boulevard, Suite 500
Plano, Texas 75074
972-509-1201
Fax: 972-509-1209

## **CERTIFICATE OF CONFERENCE**

This is to certify that on June 25, 2021, someone from the U.S. Attorney's Office contacted the following defense attorneys regarding this motion:

Shirley Baccus-Lobel and Jeff Kearney, counsel for Laura Jordan, partially oppose this motion.

Dan Cogdell, counsel for Mark Jordan, partially opposes this motion.

/s/ *G.R. Jackson*
G.R. JACKSON

## **CERTIFICATE OF SERVICE**

This is to certify that on June 25, 2021, this motion was filed with the Clerk using the CM/ECF filing system, which will cause a copy of this motion to be delivered to counsel for defendants via electronic mail.

/s/ *Anand Varadarajan*
ANAND VARADARAJAN