# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 4:18-cr-87 |
| | § | Judge Mazzant |
| LAURA JORDAN (1) a/k/a Laura Maczka | § | |
| MARK JORDAN (2) | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendants' Motion to Strike Surplusage (Dkt. #247); Motion to Dismiss Indictment as Fatally Defective for Use of Concealment Allegations to Extend the Duration and Scope of the Alleged Conspiracy (Dkt. #249); Joint Motion to Dismiss Counts 1, 3, and 4, of the Superseding Indictment for Failure to Allege an Adequate Basis for Invocation of the Wire Fraud Statute (Dkt. #250); and Joint Motion to Dismiss Superseding Indictment (Dkt. #251).

Having considered the motions, the Court finds they should each be **DENIED**.

## BACKGROUND

Laura Jordan a/k/a Laura Maczka served as Mayor of the City of Richardson from May 2013 to April 2015. As Mayor, Ms. Jordan voted as part of the Richardson City Council on whether to approve zoning projects, among other matters. The Government alleges that, during her term, Ms. Jordan exchanged votes on apartment development projects for cash, sex, and luxury hotel stays, among other items and services from Mark Jordan, the apartment developer. The Government charged the Jordans with violating several federal bribery statutes on this basis. In March 2019, the jury found the Jordans guilty on nearly all counts, prompting the Jordans to file a motion for new trial, which was granted.

On December 9, 2020, the Government filed a Superseding Indictment with four additional tax counts (Dkt. #233). On April 8, 2021, the Court set the upcoming dates for Final Pretrial

Conference, Jury Selection, and Trial for July 2021.

In the weeks before trial, the Jordans filed four motions seeking to dismiss or strike various parts of the indictment. On June 4, 2021, the Jordans moved to strike surplusage from the indictment (Dkt. #247). On June 7, 2021, the Jordans moved to dismiss the indictment as fatally defective for use of concealment allegations to extend the duration and scope of the alleged conspiracy (Dkt. #249). On June 10, 2021, the Jordans moved to dismiss Counts 1, 3, and 4 of the Superseding Indictment for failure to allege an adequate basis for invocation of the wrie fraud statute (Dkt. #250). And on June 11, 2021, the Jordans moved to dismiss the entire Superseding Indictment (Dkt. #251).

On June 25, 2021, the Government filed an omnibus response (Dkt. #257). On June 29, 2021, the Jordans replied (Dkt. #268).

## LEGAL STANDARD

Rule 12(b)(3)(A) of the Federal Rules of Criminal Procedure supplies the procedural means for a criminal defendant to challenge the sufficiency of an indictment. In general, an indictment is sufficient to survive a motion to dismiss "if it contains the elements of the charged offense, fairly informs the defendant of the charges against him, and insures that there is no risk of future prosecutions for the same offense." *United States v. Cavalier*, 17 F.3d 90, 92 (5th Cir. 1994) (citing *United States v. Arlen*, 947 F.2d 139, 144 (5th Cir. 1991)). Rule 52(a) likewise prescribes "[a]ny error, defect, irregularity, or variance" in an indictment should be ignored unless it materially prejudices the defendant. When an indictment is facially valid, courts may not inquire into the sufficiency or competency of the evidence. *United States v. Calandra*, 414 U.S. 338, 344-345 (1974); *see also United States v. Strouse*, 286 F.3d 767, 771 (5th Cir. 2002) ("After indictment, the judiciary's role in policing the credibility of witnesses before a grand jury is minimal.")

Indictments may only be dismissed under a court's supervisory power if they violate one of the "few, clear rules which were carefully drafted and approved by this Court and by Congress to ensure the integrity of the grand jury's functions." *United States v. Mechanik*, 475 U.S. 66, 74 (1986) (O'Connor, J., concurring). Negating prosecutorial misconduct and perjury are among those rules, but even if an indictment is based on prosecutorial misconduct, the indictment may only be dismissed if it prejudiced the defendant. *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988) (noting courts should avoid "granting a windfall to the unprejudiced defendant"). An error is prejudicial "if it is established that the violation substantially influenced the grand jury's decision to indict" or there is "grave doubt" the indictment is free from substantial influence of the violation. *United States v. Mechanik*, 475 U.S. at 78.

## ANALYSIS

The Jordans raise various objections to the Superseding Indictment. As a threshold, these motions appear untimely. Most of these objections could have been raised to the original indictment, which was filed in May 2018. The Superseding Indictment was filed in December 2020, yet the Jordans waited to object until the month before the second trial. The Jordans offer no explanation for why they object now, and not before the first trial or when the Superseding Indictment was filed. Still, out of an abundance of caution, the Court considers the merits of the Jordans' arguments. *See U.S. v. Mauskar*, 557 F.3d 219, 225 (5th Cir. 2009) (finding a motion alleging duplicity in the indictment was timely filed when it was made to the district court for the first time before a second trial following a mistrial). The Court examines each motion and finds they should be denied.

### I.    Defendants' Motion to Strike Surplusage (Dkt. #247)

The Jordans ask the Court to strike portions of the Superseding Indictment as surplusage

under Federal Rule of Criminal Procedure 7(d). Rule 7(d) provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information." To be stricken, surplusage must be "irrelevant, inflammatory, and prejudicial." *United States v. Graves*, 5 F.3d 1546, 1550 (5th Cir. 1993) (citations omitted). If "the charge is not materially broadened and the accused is not misled," then the surplusage should remain in the indictment. *United States v. Quintero*, 872 F.2d 107, 111 (5th Cir.1989); *United States v. Trice*, 823 F.2d 80, 89 n. 8 (5th Cir. 1987). Because this is a strict standard, surplusage is rarely stricken. *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971). Additionally, when information in an indictment is relevant to the charged offense, it should not be stricken, regardless of how prejudicial it may be. *United States v. Solomon*, 273 F.3d 1108 (5th Cir. 2001).

The Jordans seek to strike:

- Items 1 and 2: Paragraphs 13 and 14 of the indictment describing background of the Palisades Property and Ms. Jordan's campaign statements regarding apartments, construction, and neighborhoods before her election as mayor (*See* Dkt. #247 at pp. 3-5).
- Item 3: Paragraph 20 of the indictment further describing Ms. Jordan's pre-election campaign statements regarding zoning, construction, and apartments (*See* Dkt. #247 at pp. 5-6).
- Item 4: One sentence from paragraph 5 of the indictment stating: "The Palisades Property was adjacent to the Canyon Creek and Prairie Creek neighborhood." (*See* Dkt. #247 at p. 6).
- Item 5: a portion of a sentence from paragraph 20 qq of the indictment containing language from Southwest Airlines records concerning an incident involving Ms. Jordan at an airport gate, during which she claimed, while still married to her previous husband, that Mark

Jordan was her husband (*See* Dkt. #247 at p. 7).

The Court finds these statements are relevant and should not be struck. Items 1-3 relate to Ms. Jordan's public statements in her mayoral campaign on apartments and zoning. These are relevant to understanding the alleged bribery events that took place because they provide context and inform the allegations' scope. The information about the Palisades Property in Items 1, 2, and 4 is relevant to show that the property was not previously zoned for apartments, that local residents opposed new apartments, and that Ms. Jordan was opposed to apartments "near our neighborhoods." (Dkt. #247 at p. 6). The Southwest incident in Item 5 is relevant to show the extent of Ms. Jordan's involvement with Jordan, such that she refers to him as her husband while married to another.

Because this information is relevant to the charged offenses, it should not be stricken. *See Solomon*, 273 F.3d at *1 (citing FED. R. CRIM. P. 7(d)) ("Where information in an indictment is sufficiently relevant to the charged offense, the court should not strike it, no matter how prejudicial it may be."). The Jordans have failed to meet the high standard that these items are "irrelevant, inflammatory, and prejudicial." *Graves*, 5 F.3d at 1550. The Court denies this motion (Dkt. #247).

**II.    Motion to Dismiss Indictment as Fatally Defective for Use of Concealment Allegations to Extend the Duration and Scope of the Alleged Conspiracy (Dkt. #249)**

The Jordans ask the Court to dismiss the indictment because "it includes a concealment phase which erroneously enlarges the duration and scope of the conspiracies and the scheme to defraud." (Dkt. #249 at p. 1). The Jordans seem to argue that the concealment allegations are improper because they do not constitute bribery, backdoor inadmissible evidence, and expand the scope and duration of the conspiracy (Dkt. #249 at p. 14).

The Court finds that the indictment properly alleges concealment. The indictment contains

both (1) the elements of the charged offense and (2) a recitation of the facts alleged sufficient to allow the Jordans to plead double jeopardy. This is sufficient to avoid dismissal. *See United States v. Contris*, 592 F.2d 893, 896 (5th Cir. 1979). The Jordans do not cite any cases that involve dismissing an indictment (Dkt. #249; Dkt. #268). The Jordans do not address why the indictment inadequately lists the elements of the charged offense, or how the indictment's alleged facts are insufficient to provide the Jordans notice. Still, the Court examines the indictment and finds both sufficient. The indictment properly lists the elements of the charged offense (*See* Dkt. #233). The indictment sufficiently alleges facts about how the Jordans' concealment of their scheme was a core part of the alleged conspiracy (*See* Dkt. #233). This concealment speaks to their state of mind about their own conduct. This is sufficient and the Court denies the motion (Dkt. #249).

### III. Joint Motion to Dismiss Counts 1, 3, and 4 of the Superseding Indictment for Failure to Allege an Adequate Basis for Invocation of the Wire Fraud Statute (Dkt. #250).

Next, the Jordans ask the Court to dismiss Counts 1, 3, and 4 of the Superseding Indictment "for failure to state an offense, due to the inadequacy of its assertion of fraud by wire in violation of 18 U.S.C. 1343." (Dkt. #250 at p. 1). The Jordans argue the indictment's allegations are insufficient because the wire transmissions were "at best peripheral to the purported wire scheme" and not "a step in a plot." (Dkt. #250 at p. 2).

But the Government provides ample allegations of wire transmissions by the Jordans that were part of the offense conduct. The Jordans are charged with Conspiracy to Commit Honest Services Wire Fraud in Count 1 and Honest Services Wire Fraud in Counts 3 and 4 (Dkt. #233 at pp. 1, 24). The indictment alleges the Jordans "caused writings, signs, and signals to be transmitted by means of wire communications in interstate commerce." (Dkt. #233 at p. 24). The indictment further alleges that, as part of the conspiracy to commit wire fraud, Mr. Jordan made several cash

withdrawals, coinciding with Ms. Jordan making several cash deposits (*See* Dkt. #233 at pp. 12-18). These transactions are alleged to be part of the Honest Services Wire Fraud scheme whereby Mr. Jordan provided money to Ms. Jordan in connection with her official acts as Mayor, specifically supporting Mr. Jordan's Palisades Property project. As such, the indictment alleges these transactions were key in accomplishing the scheme. Any of these transactions, if proved at trial, would meet the interstate wire transmission requirement of the Honest Services Wire Fraud statute. As such, the Court denies this motion (Dkt. #250).

### IV. Joint Motion to Dismiss Superseding Indictment (Dkt. #251).

Finally, the Jordans ask the Court to dismiss the Superseding Indictment outright because the honest services wire fraud counts are incurably vague (Dkt. #251). The Jordans merely "re-urge" arguments the Court previously rejected (Dkt. #251 at p. 1; *see* Dkt. #91 (Order denying motion to dismiss indictment)). The Jordans do not identify any new facts or law that would compel a different outcome (*See* Dkt. #251).

The Court's prior decision was sound. As the Court noted, an indictment pleads honest services wire fraud "by alleging conduct that would amount to a violation of *any* federal or state bribery statute—whether or not that statute is identified at that time." *United States v. Jordan*, 365 F. Supp. 3d 776, 779 (E.D. Tex. 2019) (citing *United States v. Caldwell*, 302 F.3d 399, 406-07 (5th Cir. 2002)). The Court determined the indictment met this standard because it "alleges a scheme in which Ms. Jordan, as the Mayor of Richardson, exchanged votes for an unpopular development project in exchange for cash, sex, and hotel stays from Mr. Jordan, the developer." *Id.* This suffices "since the Jordans have not argued—nor does the Court have reason to conclude—that this conduct would not violate either a state or federal bribery statute." *Id.* Because the Court's prior ruling was appropriate, the Court denies this motion (Dkt. #251).

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Strike Surplusage (Dkt. #247); Motion to Dismiss Indictment as Fatally Defective for Use of Concealment Allegations to Extend the Duration and Scope of the Alleged Conspiracy (Dkt. #249); Joint Motion to Dismiss Counts 1, 3, and 4, of the Superseding Indictment for Failure to Allege an Adequate Basis for Invocation of the Wire Fraud Statute (Dkt. #250); and Joint Motion to Dismiss Superseding Indictment (Dkt. #251) are hereby **DENIED.**

**SIGNED this 30th day of June, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE