THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | No. 4:18-CR-87 |
| | § | |
| LAURA JORDAN & | § | |
| MARK JORDAN | § | |

**DEFENDANTS' MOTION TO STAY THIS COURT'S RULING ON THEIR PENDING RULE 33 MOTION FOR A NEW TRIAL AND TO POSTPONE THE SENTENCING HEARING**

Laura and Mark Jordan move this Court (1) to stay its ruling on their pending Rule 33 motion for a new trial (ECF No. 347) and (2) to postpone their sentencing hearing, which is currently set to occur on August 4, 2022. In support of this motion, they would show the following.

Last week, in *United States v. Hamilton*, No. 21-11157 (5th Cir.), after oral argument had occurred, the Fifth Circuit reconsidered its prior order denying bail pending appeal and released the defendant-appellant Hamilton on bail pending the Fifth Circuit's decision in that case after concluding that he had raised a "substantial question" of law.[1]
**Appendix A**. The specific issue warranting Hamilton's release on bail has been raised in the Jordans' pending motion for a new trial – *i.e.*, whether the element of a *quid pro quo* is

---

[1] Release on bail pending appeal is warranted under 18 U.S.C. § 3143(b) when (1) "the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released"; (2) "the appeal is not for purpose of delay"; (3) "the appeal raises a substantial question of law or fact"; and (4) "if that substantial question is determined favorably to [the] defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *United States v. Valera-Elizondo*, 761 F.2d 1020, 1025 (5th Cir. 1985).

required for a conviction of giving or accepting a "reward" (a gratuity) under 18 U.S.C. § 666(a)(1). ECF No. 347, at 20-23. The jury instructions in *Hamilton* are attached as **Appendix B**. They are very similar to the jury instructions concerning Counts Five, Six, and Seven at the Jordans' retrial.[2]

In view of the Fifth Circuit's reconsideration of the bail issue in *Hamilton*, this Court should both stay its ruling on the Jordans' pending Rule 33 motion and postpone sentencing until after the Fifth Circuit renders its eventual decision on the merits of the § 666(a)(1) issue. If the Fifth Circuit rules in favor of Hamilton, such a decision will require this Court to grant a new trial to the Jordans on Counts Five, Six, and Seven. A favorable decision in *Hamilton* also would support the Jordans' argument that a new trial is required concerning the convictions for Counts Eight, Nine, and Ten (the income tax-related counts). If the Fifth Circuit holds that a mere gratuity (without a *quid pro quo*) is not criminal under § 666(a)(1), then the jury may have erroneously concluded that there was basis to find criminal liability under 26 U.S.C. § 7206(2) for Laura Jordan's alleged failure to report a mere gratuity as income. *See also* 26 U.S.C. § 102(a) ("Gross income does not include the value of property acquired by gift, bequest, devise, or inheritance.").

---

[2] This Court's instructions permitted a conviction under § 666(a)(1) if the jury merely found that: (1) Mr. Jordan "corruptly gave, offered, or agreed to give a thing or things of value to Laura Jordan with the intent to influence *or reward her* in connection with any business, transaction, or series of transactions of the City of Richardson"; and (2) Ms. Jordan "corruptly accepted or agreed to accept anything of value from any person with the intent to be influenced *or rewarded* in connection with any business, transaction, or series of transactions of the City of Richardson." ECF No. 310, at 23-24 (emphasis added). The equivalent portion of the jury instructions in *Hamilton* appears on pages 13 and 14 of **Appendix B.**

## CONCLUSION

Therefore, in the interest of judicial economy,[3] this Court should stay its ruling on the Jordans' pending motion for a new trial and postpone sentencing until after the Fifth Circuit renders its decision in *Hamilton*.

Respectfully submitted,

| **KRAMER LEVIN ROBBINS RUSSELL** | **GERGER, HENNESSY & MARTIN** |
|---|---|
| /s/ *Barry J. Pollack* <br> Barry J. Pollack (*pro hac vice*) <br> Ralph C. Mayrell (*pro hac vice*) <br> 2000 K Street N.W. 4th Floor <br> Washington, D.C. 20006 <br> 202-775-4500 <br> bpollack@robbinsrussell.com <br> rmayrell@robbinsrussell.com | /s/ *Brent E. Newton* <br> 700 Fannin, Suite 2300 <br> Houston, Texas 77002 <br> 713.224.4400 – Telephone <br> 713.224.5153 – Fax <br> bnewton@ghmfirm.com |
| **JONES WALKER, LLP** <br><br> /s/ *Dan L. Cogdell* <br> Dan L. Cogdell <br> 811 Main Street, Suite 2900 <br> Houston, Texas 77002 <br> Office: 713-437-1869 <br> Facsimile: 713-437-1810 <br> dcodgell@joneswalker.com | **KEARNEY LAW FIRM** <br><br> /s/ *Jeff Kearney* <br> One Museum Place <br> 3100 West 7th Street, Suite 420 <br> Fort Worth, Texas 76107 <br> Office: 817-336-5600 <br> Facsimile: 817-336-5610 <br> jkearney@kearneylawfirm.com |
| **TERRI MOORE LAW** <br><br> /s/ *Terri Moore* <br> Terri Moore <br> 300 Burnett Street, Suite 160 | |

---

[3] *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."); *see generally Landis v. North American Co.*, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

| | |
|---|---|
| Fort Worth, Texas 76102<br>817-698-0000<br>moore@terrimoorelaw.com<br><br>*Attorneys for Mark Jordan* | |

## CERTIFICATE OF SERVICE

On July 20, 2022, the foregoing was filed and distributed to all counsel of record through the Court's ECF system.

/s/ *Brent E. Newton*
Brent E. Newton

## CERTIFICATE OF CONFERENCE

On July 20, 2022, counsel for defendants conferred with counsel for the government regarding this motion and were notified that the government opposes this motion.

/s/ *Brent E. Newton*
Brent E. Newton