THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | No. 4:18-CR-87 |
| | § | |
| LAURA JORDAN & | § | |
| MARK JORDAN | § | |

**REPLY OF LAURA AND MARK JORDAN TO GOVERNMENT'S RESPONSE TO THEIR MOTION TO STAY THIS COURT'S RULING ON THEIR PENDING RULE 33 MOTION FOR A NEW TRIAL AND TO POSTPONE THE SENTENCING HEARING**

Laura and Mark Jordan respectfully submit this reply to the Government's response in opposition (ECF No. 391) to their motion (ECF No. 389) to stay this Court's ruling on the Jordans' pending Rule 33 motion for a new trial and to postpone sentencing pending the Fifth Circuit's decision in *United States v. Hamilton*, No. 21-11157 (5th Cir.).

The Government initially makes what is in effect a "harmless-error" argument – that a favorable decision in *Hamilton* excluding non-*quid-pro-quo* gratuities ("rewards") from 18 U.S.C. § 666(a)(1) liability would not require reversal of the Jordans' convictions of Counts Five, Six, and Seven because "this case was tried [solely] as *a quid-pro-quo* bribery case, not a gratuity case." Government's Response, at 3. The response then quotes from the transcripts of the *voir dire*, opening statements, and closing statements in the attempt to support that position. *Id.* at 3-4.

The government errs. The Supreme Court and Fifth Circuit have held that an erroneous jury instruction that permits the jury to convict on an alternate basis that is later

1

declared non-criminal is not harmless beyond a reasonable doubt if "the record contains evidence that could rationally lead to [an acquittal]" with proper instructions, even if a rational jury could still have convicted with proper instructions. *United States v. Skilling*, 638 F.3d 480, 482 (5th Cir. 2011) (alteration in original) (quoting *Neder v. United States*, 527 U.S. 1, 19 (1999)); *see also United States v. Takhalov*, 827 F.3d at 1307, 1322 (11th Cir. 2016) ("The question is not whether the jury could still have convicted the defendants if the instruction had been given. The question is whether the jury could have acquitted them. And the evidence against the defendants here was not so overwhelming that an acquittal would have been irrational."). Significantly, in conducting a *Neder* harmless-error analysis, this Court must view the evidence in a light most favorable to the defendants. *See Sansing v. Ryan*, 997 F.3d 1018, 1034 (9th Cir. 2021) (discussing *Neder*).

The *voir dire*, opening statements, and closing statements are not evidence. Looking at the *evidence* at trial in a light most favorable to the Jordans, a "rational jury" could have concluded that Mark Jordan offered non-*quid-pro-quo* "rewards" – which would have permitted convictions on the § 666(a)(1) counts based on this Court's jury instructions. This Court's jury instructions permitted convictions based on a non-*quid-pro-quo* "reward" (gratuity) theory. It is black-letter law that "[j]uries are presumed to follow their instructions." *United States* v. *Velasquez*, 881 F.3d 314, 341 (5th Cir. 2018) (citation omitted); *see also Boyde* v. *California*, 494 U.S. 370, 384 (1990).

Moreover, the undisputed evidence in this case is that: (1) no benefits were given by Mark Jordan to Laura Jordan until *after* the first vote of the city council, V. Messer, Vol. 8, at 2322-25 (Q: "[Y]ou have no gifts, no things of value, no trips, no lunches, no

2

dinners, no anything in terms of things of value between Mark Jordan and Laura Maczka before the December vote, right?" A: "We have no evidence of that."); and (2) the vast majority of the benefits given to Ms. Jordan (*i.e.*, the $40,000 and the carpet) were given *after* the final vote of the city council, GX 36, at 5; GX 131, at 4; GX 219, at 26-27. That evidence is much more consistent with a *post hoc* "reward" than a bribe (given before or after an official act) to *influence* an official act. Moreover, the benefits between the first and final votes (*e.g.*, shared hotel rooms) were hardly the types of things at issue in typical "bribery" cases. For these reasons, a rational jury certainly could have deemed those as *post hoc* "rewards" for Ms. Jordan's initial vote that were not intended to influence any future vote – particularly when a majority of the city council voted for the Palisades development without needing Ms. Jordan's vote for it to pass.

The government is correct that the fact that the benefits were not given until after the official action (a zoning vote) occurred does not *necessarily* mean that there was no *quid pro quo* bribery. It would be possible for a jury to find that an official agreed to take official action as a *quid pro quo* in return for a specific benefit to be received after the official action occurred. But the issue here is not whether the jury could have found bribery, but the converse: could a "rational jury" have found a gratuity rather than a bribery. As set forth above, not only could a rational jury do so, it is most likely what a rational jury would do, given both the timing and nature of the benefits at issue. In a light most favorable to the Jordans, a rational jury easily could have concluded that after Laura Jordan cast her votes, Mark Jordan gave her benefits, and Laura Jordan accepted those benefits without having been influenced to vote in a particular manner.

The bottom line is that, under the well-established Supreme Court and Fifth Circuit authority, the government will not be able to prove *beyond a reasonable doubt* that a favorable decision in *Hamilton* would be harmless.

The government alternatively argues: (1) *Hamilton* is distinguishable because Hamilton's opening brief argued that "corrupt intent" requires a *quid pro quo* (Government's Response, at 7, quoting from Hamilton's opening brief); and (2) this Court should not postpone the case even if a favorable decision in *Hamilton* would require reversal (Government's Response, at 10-11). The government is clearly wrong about both of these alternative arguments.

First, the jury instructions in *Hamilton*, which were attached to the Jordans' motion for a stay, did include "corruptly" as an element (as does § 666(a)(1)). The Jordans' jury instructions were identical in that way. ECF No. 310, at 23-24. Hamilton's brief merely contended that § 666(a)(1)'s use of that term ("corruptly") was evidence that Congress intended there to be a *quid pro quo* element for "rewards" as well as "bribes." The government thus mischaracterizes Hamilton's argument.

In any event, giving and accepting a reward because of official action can be done with corrupt intent. That does not make doing so a *quid pro quo* bribe. The distinction is whether there was an intent to perform the official act in return for a specific benefit as opposed to accepting a benefit after the official act is performed, knowing that the benefit is being given because of the official act. Thus, it is the *quid pro quo* not the corrupt intent that is at issue in *Hamilton*. As set forth above, a rational jury easily could have found,

4

with or without finding corrupt intent, that the evidence was not a *quid pro quo* bribe, but, rather, a retrospective reward because of an official act.

Second, the Government's reliance on Fifth Circuit cases refusing to stay a Fifth Circuit decision after the Supreme Court had granted *certiorari* in a different case raising the same issue is unfounded. Fifth Circuit panels are bound by decisions of prior panels. Merely because certiorari has been granted in a different case does not change that rule of *stare decisis*. *United States v. Stephens*, 689 Fed. App'x 251, 252 (5th Cir. 2017) ("Stephens moves to hold the appeal in abeyance until the Supreme Court decides whether § 16(b) is unconstitutionally vague in *Lynch v. Dimaya*, 137 S. Ct. 31 (2016) (granting *certiorari*). The motion is denied. [Prior Fifth Circuit precedent] is binding precedent unless overruled by this court *en banc* or by the Supreme Court, and a grant of *certiorari* does not override this court's precedent.") (citing *Wicker v. McCotter*, 798 F.2d 155, 157-58 (5th Cir. 1986)). The Jordans' situation is clearly different – there is no Fifth Circuit decision on point (yet).

Furthermore, the government merely argues that nothing in the law precludes proceeding to sentencing. While that is true, conversely, nothing in the law precludes the Court from postponing its ruling on the pending Rule 33 motion and the sentencing hearing. This is entirely a matter in the Court's discretion and, given that *Hamilton* has already been briefed and argued, judicial economy is served by the relatively brief period of time this Court's ruling on the Rule 33 motion and the sentencing hearing would be postponed awaiting a ruling in *Hamilton*. Judicial economy clearly favors a stay rather than conducting a sentencing and forcing a potentially unnecessary appeal. Therefore, this

5

Court should stay its ruling on the Jordans' pending motion for a new trial and postpone sentencing until after the Fifth Circuit renders its decision in *Hamilton*.[1]

Respectfully submitted,

| **KRAMER LEVIN ROBBINS RUSSELL**<br><br>*/s/ Barry J. Pollack*<br>Barry J. Pollack (*pro hac vice*)<br>Ralph C. Mayrell (*pro hac vice*)<br>2000 K Street N.W. 4th Floor<br>Washington, D.C. 20006<br>202-775-4500<br>bpollack@kramerlevin.com<br>rmayrell@kramerlevin.com<br><br>**JONES WALKER, LLP**<br><br>/s/ *Dan L. Cogdell*<br>Dan L. Cogdell<br>811 Main Street, Suite 2900<br>Houston, Texas 77002<br>Office: 713-437-1869<br>Facsimile: 713-437-1810<br>dcodgell@joneswalker.com<br><br>**TERRI MOORE LAW**<br><br>/s/ *Terri Moore*<br>Terri Moore<br>300 Burnett Street, Suite 160<br>Fort Worth, Texas 76102<br>817-698-0000 | **GERGER, HENNESSY & MARTIN**<br><br>*/s/ Brent E. Newton*<br>700 Fannin, Suite 2300<br>Houston, Texas 77002<br>713.224.4400 – Telephone<br>713.224.5153 – Fax<br>bnewton@ghmfirm.com<br><br>**KEARNEY LAW FIRM**<br><br>*/s/ Jeff Kearney*<br>One Museum Place<br>3100 West 7th Street, Suite 420<br>Fort Worth, Texas 76107<br>Office: 817-336-5600<br>Facsimile: 817-336-5610<br>jkearney@kearneylawfirm.com |

---

[1] The government is incorrect in contending that Mark Jordan concedes that *Hamilton* will not impact his conviction on tax offenses. Mark Jordan was found guilty of conspiring with Laura Jordan to evade taxes by having Laura Jordan fail to report the benefits she received from Mark Jordan. Thus, if Laura did not commit a tax offense, because what she received were non-taxable gratuities, Mark Jordan would likewise be not guilty. Regardless, the PSR does not recommend any time on the tax counts and 26 years on the § 666 counts. Plainly, the sentencing would be very different if the 666 counts were vacated, even if the tax counts stood. Judicial economy favors waiting until *Hamilton* is decided to determine, in light of that decision, the counts, if any, on which the Jordans are to be sentenced.

| | |
|---|---|
| moore@terrimoorelaw.com<br><br>*Attorneys for Mark Jordan* | |

## CERTIFICATE OF SERVICE

On July 27, 2022, the foregoing was filed and distributed to all counsel of record through the Court's ECF system.

/s/ *Brent E. Newton*
Brent E. Newton
