IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | NO. 4:18CR87 |
| § | Judge Mazzant |
| LAURA JORDAN (1) § | |
| a/k/a Laura Maczka § | |
| MARK JORDAN (2) § | |

**UNITED STATES' RESPONSE TO
DEFENDANTS' SENTENCING MEMORANDA**

The United States files this response to the sentencing memoranda filed by the defendants. The vast majority of issues presented in the defendants' memoranda have been covered by other briefing presented to this Court, including various post-trial motions, objections to the PSR, and the recent motion to continue the sentencing. In support of a term of incarceration for both defendants, the United States responds with the following:

Mark and Laura Jordan are unique defendants. Unlike narcotics or fraud defendants, whose conduct affects the physical safety or financial security of individuals, the defendants' crime offended the very core of the American system—the integrity of the democratic vote. The defendants' corrupt actions in conspiring to push through the Palisades project, against the overwhelming wishes of the mayor's constituents who weighed in on the matter, coupled with their attempts to cover up the crime by deleting emails, lying repeatedly to the public, and getting "married" to shore up a legal defense on the advice of their former counsel, underscore a theme that was transparent through both

trials: the defendants believed they were above the law.

Given this case's significance and the nature of the offense conduct, the Court's sentence in this case likely has significant deterrent value. As explained by Judge Castillo, a district judge within the Seventh Circuit:

> We need not resign ourselves to the fact that corruption exists in government. Unlike some criminal justice issues, the crime of public corruption can be deterred by significant penalties that hold all offenders properly accountable. The only way to protect the public from the ongoing problem of public corruption and to promote respect for the rule of law is to impose strict penalties on all defendants who engage in such conduct, many of whom have specialized legal training or experiences.

*United States v. Spano*, 411 F. Supp. 2d 923, 940 (N.D. Ill. 2006). The last sentence of this excerpt rings true in this case, as the Court and jury heard extensive evidence of the public corruption training that Laura Jordan received not once, but twice. Mark Jordan, similarly, is a sophisticated businessman who was no stranger to the need for propriety and transparency when it came to dealings with the city. Indeed, he boasted about his company's "ethics" on its website. Evidence of the defendants' knowledge of their actions should not just inform the jury when deliberating guilt or innocence. Such evidence can and should inform the Court when it considers the appropriate sentence in this case.

It should come as no surprise that courts around the country have imposed terms of incarceration in public corruption offenses involving mayors and other similarly situated public officials, including:

the former mayor of Reading, Pennsylvania who was sentenced earlier this year to eight years in prison for promising government contracts to companies in exchange for campaign contributions (*see https://wtop.com/national/2019/04/the-latest-ex-mayor-apologizes-for-corruption-conviction/*); the former mayor of Allentown, Pennsylvania who in late 2018 received a 15-year sentence for likewise promising government contracts in exchange for campaign donations (*see https://www.foxnews.com/politics/allentown-ex-mayor-sentenced-to-prison-on-corruption-charges*); the former mayor of Niles, Ohio, who in May 2018 was sentenced to serve ten years in prison for various corruption offenses including having an unlawful interest in a public contract (*see https://businessjournaldaily.com/former-niles-mayor-infante-sentenced-to-10-years-for-corruption/*); the former mayor of New Orleans, Louisiana who in 2014 was sentenced to serve ten years for bribery, money laundering, fraud and tax evasion (*see http://www.nydailynews.com/news/politics/ex-new-orleans-mayor-10-years-federal-prison-article-1.1860244?barcprox=true*); the former mayor of Charlotte, North Carolina who in 2014 was sentenced to serve 44 months in prison after pleading guilty to honest services fraud (*see https:// www.theguardian.com/us-news/2014/oct/14/north-carolina-mayor-sentenced-prison-corruption*); the former mayor of Detroit, Michigan who in 2013 was sentenced to serve 28 years for shaking down contractors vying for city work and using income to a non-profit as his personal slush fund (*see https:// detroit.cbslocal.com/2013/10/10/sentencing-underway-for-ex-detroit-mayor-kwame-kilpatrick/*); the former mayor of Mandeville, Louisiana who in 2010 was sentenced to serve 64 months in prison after pleading guilty to corruption and income tax evasion charges (*see https://www.nola.com/news/crime_police/article_51226d1b-7193-54cf-b1d7-50d417b94386.html*); and finally the former mayor of Camden, New Jersey who in 2001 was sentenced to serve seven years in prison for various corruption, money laundering and insurance fraud offenses (*see https://www.nytimes.com/2001/06/16/nyregion/former-mayor-of-camden-is-sentenced-for-corruption.html*).

Government's Sentencing Memorandum, Dkt. No. 317, *United States v. James Snyder*, 2019 WL 6244749 (N.D.Ind. November 20, 2019).

The probation officer recommended a sentence of 312 months for both defendants, based on the consecutive stacking of each of the offenses of conviction. The United States

submits that the probation officer properly described the offense conduct and correctly calculated the applicable guidelines. And while the government does maintain that a term of incarceration is appropriate in this case, it agrees with the defendants that 312 months is excessive and disproportionate to the offense conduct here. Instead, the government submits that the sentences for each offense of conviction should run concurrently and that the maximum term of imprisonment should be 10 years, in line with the statutory maximum for a conviction under 18 U.S.C. § 666.

Every defendant has an unequivocal constitutional right to test the government's evidence at trial. But the Court should consider the defendants' failure to accept responsibility at every stage of this case, including by pleading not guilty (twice), rejecting fair and reasonable plea offers, denying culpability throughout trial (including on the stand under oath), and objecting to every meaningful factual finding in the presentence report. For these reasons, and the bevy of other reasons that this Court has seen in two trials spanning two months, the Court should sentence the defendants to a term of incarceration and reject any request for a downward variance to a term of probation.

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY

  /s/ *Anand Varadarajan*
ANAND VARADARAJAN
Texas State Bar No. 24088576
Anand.varadarajan@usdoj.gov

G.R. JACKSON
Texas State Bar No. 00784874

HEATHER RATTAN
Texas State Bar No. 16581050

SEAN TAYLOR
Texas State Bar No. 24075147

BRENT L. ANDRUS
New York State Bar No. 5143474

BRADLEY VISOSKY
Texas State Bar No. 24034727

Assistant United States Attorneys
101 East Park Boulevard, Suite 500
Plano, Texas 75074
972-509-1201

## CERTIFICATE OF SERVICE

I certify a true and correct copy was served by electronic filing by CM/ECF to counsel for both defendants on this 1st day of August 1, 2022.

  /s/ *Anand Varadarajan*
ANAND VARADARAJAN