# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § § | Case No. 4:18-CR-087 |
| | § | Judge Mazzant |
| LAURA JORDAN (1) | § | |
|   a/k/a Laura Maczka | § § | |
| MARK JORDAN (2). | § § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendants' Motions for Release on Bond Pending Appeal (Dkts. #411, 412). Having considered the motions, the response, and the relevant pleadings, the Court finds both motions should be **GRANTED**.

## BACKGROUND

Defendants Laura Maczka Jordan and Mark Jordan (collectively, the "Jordans") were convicted by a jury of violating 18 U.S.C. § 666, the statute that criminalizes bribes involving local or state officials, and 26 U.S.C. § 7206, the statute that criminalizes preparing materially false tax returns.

On October 14, 2021, the Defendants filed Motions for New Trial (Dkts. #347, 348, 349). On July 20, 2022, Defendants filed a Motion to Stay this Court's Ruling on the Defendants' Motions for New Trial and to Postpone Sentencing because of the Fifth Circuit's pending case, *United States v. Hamilton*, No. 21-22257 (Case No. 3:19-CR-083 N.D. Tex.) (Dkt. #389). In *Hamilton*, the Fifth Circuit was asked to consider "whether § 666 covers mere gratuities or unofficial acts, and if so, whether his conviction [was] constitutional in light of certain Supreme Court decisions." *Id.* After oral arguments took place, the Fifth Circuit revisited its order denying Hamilton bail pending

appeal and decided to grant the defendant-appellant's request, finding that he had raised "significant questions of first impression in this circuit." *Id.*

On August 3, 2022, the Court denied the Defendants' pending motions, finding that even if the Fifth Circuit ruled in favor of Hamilton, it would not require this Court to grant a new trial because "the Government proved a quid pro quo" (Dkt. #403). On August 4, 2022, the Court sentenced each Defendant to 72-months' imprisonment.

On August 5, 2022, the Defendants appealed their convictions on several grounds (Dkts. #409, 410). On August 12, 2022, each Defendant filed a Motion for Bond Pending Appeal (Dkts. #411, 412). On August 23, 2022, the Fifth Circuit issued its opinion in *Hamilton*, No. 21-11157, 2022 WL 3593974 (5th Cir. Aug. 23, 2022), holding that 18 U.S.C. § 666(a)(2) is not violated under either the "bribes" or the "rewards" prong absent proof of a *quid pro quo* agreement. The following day, each Defendant filed a Notice of Supplemental Authority in Support of Motion for Release Pending Appeal informing the Court of the Fifth Circuit's decision in *Hamilton* (Dkts. #417, 418). The Government responded to Defendants' motions and supplemental authority on August 26, 2022 (Dkt. #419). On August 29, 2022, the Defendants filed their replies (Dkts. #420, 421). For the reasons discussed below, the Court grants Defendants' Motions for Release on Bond Pending Appeal.

## LEGAL STANDARD

Release on bond pending appeal is appropriate when: (1) "the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released"; (2) "the appeal is not for purpose of delay"; (3) "the appeal raises a substantial question of law or fact"; and (4) "if that substantial question is determined favorably to [the] defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *United States v. Valera-Elizondo*, 761 F.2d 1020, 1025 (5th Cir.

1985). The final two findings do not require that a "district court must conclude that its own order is likely to be reversed." *Id.* at 1023 (quoting *United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985)). Rather, a substantial question is a "'close' question or one that could very well be decided the other way." *Id.* at 1024. The court must then determine whether the question is "sufficiently important to the merits" that an appellate ruling decided in the defendant's favor would likely require reversal or a new trial. *Id.* at 1023. That said, the Bail Reform Act, 18 U.S.C. § 3143(b), establishes a presumption against release pending appeal for convicted and sentenced defendants. Defendants bear the burden of overcoming the presumption. *Valera-Elizondo*, 761 F.2d at 1023.

## ANALYSIS

Defendants have appealed their convictions, asserting that §§ 666(a)(1)(B) and 666(a)(2) require proof of a *quid pro quo*. Defendants argue that: (1) the evidence in this case did not establish a *quid pro quo*; and (2) the Court did not properly instruct the jury. Importantly, Defendants have  notified the Court of a development in the Fifth Circuit that settled an open question of statutory interpretation. In *Hamilton*, the Fifth Circuit joined the First Circuit in a circuit split regarding the statutory interpretation of § 666. 2022 WL 3593974, at *6. Siding with the circuit split minority, the Fifth Circuit held that § 666 requires proof of a *quid pro quo*, reasoning that, to convict a defendant for giving a "bribe" or "reward," "[w]hat matters . . . is that the offer of payment [or benefit] precedes the official act." *Id.* (quoting *United States v. Fernandez*, 722 F.3d 1, 26 (1st Cir. 2013)).

Accordingly, Defendants assert that this development presents a substantial question of law: namely, whether the Court properly instructed the jury that § 666 requires proof of a *quid pro quo*. Defendants also assert that the *Hamilton* decision impacts the tax counts of the jury's verdict, as a substantial question is raised whether a "reward," as opposed to a "bribe," without a *quid pro quo* will qualify as taxable income that must be reported. Such a debate calls into question whether

3

the Defendants possessed the requisite mens rea required for conviction.

The Government responds that this Court already accounted for the possibility that the Fifth Circuit would decide *Hamilton* as it did, yet still denied Defendants' motions for new trial. Specifically, the Government contends that the Court already found that any instructional error regarding § 666 was harmless because the outcome would have been the same had the jury been instructed to explicitly find a *quid pro quo*. With respect to the tax counts, the Government argues that *Hamilton* has no effect, because this case was simply tried on a *quid pro quo* bribery theory, not a gratuity theory.

As an initial matter, the Court finds that Defendants have met their burden of satisfying the first three elements to secure a bond pending appeal. The Defendants are not likely to flee, nor do they pose a danger to the community. Indeed, the Court did not order Defendants into custody immediately following sentencing for this very reason. Further, the Court recognizes that the appeal is not for the purpose of delay because it does raise a substantial question of law or fact. And while the Court stands by its determination that any instructional error in this case was harmless, the Court finds the issue itself presents a substantial question of law that, if determined favorably to Defendants on appeal, would likely result in an order for new trial. *Valera-Elizondo*, 761 F.2d at 1025.

As the Court extensively detailed in its Memorandum Opinion and Order (Dkt. #403), the Government presented evidence that established Defendants' "specific intent to give or receive something of value in exchange for an official act"—that is, a *quid pro quo*. *United States v. Sun-Diamond Growers of Cal.*, 526 U.S. 398, 404–05 (1999). Along these lines, the Court contemplated that in *Hamilton*, the Fifth Circuit could hold that § 666 requires a court to specifically instruct a jury to find a *quid pro quo* in order to convict. As it turns out, in *Hamilton*, the Fifth Circuit found that the district court erred in failing to include a *quid pro quo* instruction.

Likewise, this Court did not instruct the jury that it must find a *quid pro quo* to convict Defendants under § 666. Nonetheless, the Court declined to grant Defendants' motions for new trial because, unlike *Hamilton*, the prosecution against the Jordans centered on a bribery theory from start to finish. The Court provided an exhaustive analysis on this point in its Memorandum Opinion and Order (Dkt. #403 at pp. 30–36). Accordingly, the Court found that, to the extent that the jury could have convicted the Jordans without finding a *quid pro quo*, "the jury verdict would have been the same" even with a specific *quid pro quo* instruction. *United States v. Cessa*, 785 F.3d 165, 186 (5th Cir. 2015).

As to the tax counts, the parties stipulated at trial that a taxpayer has no duty to report a "gift" on his or her income tax return but does have a duty to report income from illegal activities, such as bribes. While this Court contends that this stipulation is only further evidence that the Government proceeded on a bribery theory, rather than a mere gratuities theory like *Hamilton*, this Court recognizes that a substantial question is raised. The Fifth Circuit could find that the jury found the defendants guilty based on what they believed to be an illegal activity, i.e., rewards without a *quid pro quo*, which the *Hamilton* court found to be erroneous.

Additionally, counts nine through twelve of the tax counts require a finding of willfulness against the Jordans. Willfulness requires the Government prove "that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." *Cheek v. United States*, 498 U.S. 192, 201 (1991). This burden requires negating a defendant's claim that "because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the provisions of the tax laws." *Id.* at 202. After *Hamilton*, the Fifth Circuit may find that the jury in this case could not properly discern whether the Defendants had a good-faith belief that these items were not taxable income.

Given the Fifth Circuit's reasoning in *Hamilton*, the Court must recognize that Defendants

have presented close questions that the Fifth Circuit could very well decide in Defendants' favor. Specifically, the Fifth Circuit could conclude that the jury, as instructed in this case, could have convicted the Jordans under either a bribery theory or a gratuity theory. Because that possibility was sufficient to vacate Hamilton's conviction, it may be enough to vacate the Jordans' convictions as well. Consequently, the Court concludes Defendants have met their  burden of overcoming the presumption against bail pending appeal under 18 U.S.C. § 3143(b).

<strong>CONCLUSION</strong>

It is therefore **ORDERED** that Defendant Laura Jordan's Motion for Release on Bond Pending Appeal (Dkt. #411) is **GRANTED**.

It is further **ORDERED** that Defendant Mark Jordan's Motion for Release on Bond Pending Appeal (Dkt. #412) is **GRANTED**.

**IT IS SO ORDERED**.

 **SIGNED this 16th day of September, 2022.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE