# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | |
| | § | |
| LAURA JORDAN (1) | § | No. 4:18-CR-087 |
|     a/k/a Laura Maczka | § | Judge Mazzant |
| AND MARK JORDAN (2). | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Laura and Mark Jordan's Motion for Continued Release on Bond Pending the Timely Filing and Disposition of a Petition for Writ of Certiorari (Dkt. #439). Having considered the motion and the relevant pleadings, the Court finds that the motion should be DENIED.

### BACKGROUND

The extensive background of this case is more fully set out in the Court's Memorandum Opinion and Order denying the parties' post-trial motions (Dkt. #403). Briefly, Defendants Laura Maczka Jordan and Mark Jordan (collectively, the "Jordans" or "Defendants") were convicted by a jury of violating 18 U.S.C. § 666, the statute that criminalizes bribes involving local or state officials. On October 14, 2021, the Jordans filed Motions for New Trial (Dkts. #347, 348, 349). On July 20, 2022, the Jordans filed a Motion to Stay this Court's Ruling on their Motions for New Trial and to Postpone Sentencing due to the Fifth Circuit's pending case, *United States v. Hamilton*, No. 21-22257 (Case No. 3:19-CR-083 N.D. Tex.) (Dkt. #389). *Hamilton* raised the question of whether federal-programs bribery under § 666 required a quid pro quo (Dkt. #389 at p. 1).

1

On August 3, 2022, the Court denied the Jordans' pending motions for new trial and a stay, finding that even if the Fifth Circuit ruled in favor of the defendant-appellant in *Hamilton*, it would not require this Court to grant a new trial because "the Government proved a quid pro quo" (Dkt. #403 at p. 35). The Court further explained that "should the Fifth Circuit later conclude [in *Hamilton*] that its own instructions were legally erroneous, the Court finds 'beyond a reasonable doubt that the jury verdict would have been the same absent the error'" (Dkt. #403 at p. 29). (citations omitted). On August 4, 2022, the Court sentenced each Defendant to 72-months' imprisonment (Dkt. #404). The following day, August 5, 2022, the Jordans appealed their convictions on several grounds (Dkts. #409, 410). Approximately one week later, each Defendant filed a Motion for Bond Pending Appeal (Dkts. #411, 412).

On August 23, 2022, the Fifth Circuit issued its opinion in *Hamilton*, holding that, as a matter of first impression, 18 U.S.C. § 666(a)(2) is not violated under either the "bribes" or the "rewards" prong absent proof of a quid pro quo agreement. *United States v. Hamilton*, 46 F.4th 389, 397 (5th Cir. 2022). There, the district court believed that § 666 criminalized mere gratuities and did not require a quid pro quo. *Id.* at 394. The Fifth Circuit concluded that because § 666 did in fact require a quid pro quo, "[t]he lack of such a quid pro quo instruction rendered the jury instructions unclear, as the jurors were permitted to convict on an illegal-gratuity theory that does not exist in § 666." *Id.* at 399. Accordingly, Hamilton's conviction was vacated. *Id.*

On September 16, 2022, the Court granted the Jordans' Motions for Bond Pending Appeal (Dkt. #422). Approximately one year later, on August 25, 2023, the Fifth Circuit issued its opinion in *United States v. Jordan*, No. 22-40519, 2023 WL 5521059 (5th Cir. Aug. 25, 2023), affirming the Jordan's convictions apart from the tax-conspiracy charges. On October 18, 2023,

in response to the Jordans' petition for rehearing en banc, the three-judge panel denied the Jordans' petition, withdrew its prior opinion, substituted a revised opinion, and issued the court's mandate (Dkt. #437). *See United States v. Jordan*, No. 22-40519, 2023 WL 6878907 (5th Cir. Oct. 18, 2023). The revised panel opinion held that this Court's jury instructions violated the Fifth Circuit's decision in *Hamilton* but agreed with this Court's conclusion that the error was harmless because the jury verdict would have been the same regardless of the error. *Jordan*, 2023 WL 6878907, at *8. Though there was not a specific instruction, "the jury was told repeatedly that it was a quid pro quo case, and the evidence clearly supported a quid pro quo." *Id.* Ultimately, the Fifth Circuit affirmed the Jordans' convictions on all charges except the tax-conspiracy charges and left the sentence imposed by this Court intact. *Id.* at *16–*17.

On October 31, 2023, the Jordans filed their Motion for Continued Release on Bond Pending the Timely Filing and Disposition of a Petition for Writ of Certiorari (Dkt. #439). The Government filed its Response to Defendants' Motion for Continued Release (Dkt. #440) on November 13, 2023. The Jordans filed their Notice of Petition for Writ of Certiorari (Dkt. #443) on December 13, 2023.

**LEGAL STANDARD**

Release on bond pending appeal or a petition for a writ of certiorari is appropriate when: (1) the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) the appeal is not for purpose of delay; (3) the appeal raises a substantial question of law or fact; and (4) if that substantial question is determined favorably to the defendant on appeal, that decision is likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the

total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143; *see also United States v. Valera-Elizondo*, 761 F.2d 1020, 1025 (5th Cir. 1985). Regarding the third requirement, the Fifth Circuit has explained that a substantial question is a "'close' question or one that could very well be decided the other way." *Valera-Elizondo*, 761 F.2d at 1024. To grant a defendant release on bond pending appeal, a district court need not "find[] that its own rulings are likely to be reversed on appeal." *Id.* at 1021. Instead, a district court need only determine that the defendant has raised a "substantial question" that, if decided in the defendant's favor, would entitle the defendant to a new trial. *Id.* at 1024. That said, the Bail Reform Act, 18 U.S.C. § 3143(b), establishes a presumption against release pending appeal for convicted and sentenced defendants. Defendants bear the burden of overcoming the presumption. *Valera-Elizondo*, 761 F.2d at 1023.

## ANALYSIS

In their motion, Defendants do not articulate why they are entitled to continued release on bond under the standard provided in 18 U.S.C. § 3143. Nevertheless, they do argue that their petition will be "cert-worthy" (Dkt. #439 at p. 2). Specifically, Defendants contend that the Fifth Circuit's approach to the harmful-error analysis conflicts with other circuits' application of the *Chapman*[1] constitutional harmless-error standard (Dkt. #439 at p. 3). The Court takes this to mean that Defendants contend they are entitled to continued release on bond because their petition will raise a substantial question of law or fact. *See* 18 U.S.C. § 3143(b)(B). In response, the Government argues that Defendants fail to show how the Fifth Circuit's fact-bound application of the harmless-error standard conflicts with decisions from other circuits (Dkt. #440 at p. 4). Rather, the Government contends Defendants are merely unhappy with the Fifth

---

[1] *Chapman v. California*, 386 U.S. 18 (1967).

Circuit's conclusion when applying the harmless-error standard (Dkt. #440 at p. 6). The Government further highlights that Defendants make no attempt to show the reasonable probability that certiorari will be granted, nor do they attempt to show that the Supreme Court is likely to rule in their favor (Dkt. #440 at p. 7). Because Defendants do not even try to satisfy § 3143(b)(1), the Government argues that Defendants must have filed their motion for the purpose of delay (Dkt. #440 at p. 8).

As an initial matter, the Court finds that Defendants have met their burden of satisfying the first element to secure a bond pending a petition for a writ of certiorari. The Defendants are not likely to flee, nor do they pose a danger to the community. However, the Court agrees with the Government—the harmless-error standard articulated by the Fifth Circuit is no different than that of other circuits and is consistent with Supreme Court precedent. Thus, Defendants have not raised a substantial question of law or fact.

In *Chapman*, the Supreme Court held that some constitutional errors can be harmless where it appears "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." 386 U.S. at 24. In *Neder v. United States*, 527 U.S. 1 (1999), the Supreme Court instructed that the proper question for reviewing courts to ask in the harmless-error analysis is: "Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?" 527 U.S. at 18. The *Jordan* panel adhered to this instruction, stating "[e]rroneous jury instructions are harmless if a court, after a thorough examination of the record, is able to conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error." *Jordan*, 2023 WL 6878907, at *5 (citations omitted).

Defendants indicate that the Fifth Circuit was inconsistent with the Ninth and Eleventh

5

Circuits' application of the *Chapman* constitutional harmless-error standard because the Fifth Circuit "focused on whether the evidence of *quid pro quo* bribery (in a light most favorable to the government) was (in the appellate judges' view) overwhelming rather than asking whether a rational jury could have acquitted them of *quid pro quo* bribery (when viewing the evidence in a light most favorable to the Jordans)" (Dkt. #439 at p. 3). *See Sansing v. Ryan*, 41 F.4th 1039 (9th Cir. 2022); *United States v. Takhalov*, 827 F.3d 1307 (11th Cir. 2016). However, the *Jordan* panel explicitly stated that, in evaluating whether harmless error occurred, it must "construe the evidence and make inferences in the light most favorable to the defendant." *Id.* Therefore, no conflict exists, and no substantial question of law or fact is evident here.

It appears that Defendants have requested continued release on bond only for purposes of delay. Consequently, Defendants must begin serving their respective sentences. Defendants shall report to the facility designated by the Bureau of Prisons by 2:00 PM on April 8, 2024, to be taken into custody.

## CONCLUSION

It is therefore **ORDERED** that Defendants Laura and Mark Jordan's Motion for Continued Release on Bond Pending the Timely Filing and Disposition of a Petition for Writ of Certiorari (Dkt. #439) is **DENIED**.

It is further **ORDERED** that Defendants Laura and Mark Jordan report to the facility designated by the Bureau of Prisons by 2:00 PM on April 8, 2024, to be taken into custody.

**IT IS SO ORDERED**.
SIGNED this 9th day of January, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE